Filed 8/1/13  In re Darren M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DARREN M., a Person Coming Under the Juvenile Court Law. | B244358<br><br>(Los Angeles County<br>Super. Ct. No. MJ20928) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DARREN M.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robin R. Kesler, Juvenile Court Referee.  Affirmed.

Jennifer Gerard, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court sustained a petition under Welfare and Institutions Code section 602 alleging that minor Darren M. (minor) committed vandalism, a misdemeanor in violation of Penal Code section 594, subdivision (a). Minor contends the evidence was insufficient to support the juvenile court's findings. Substantial evidence supports the vandalism adjudication, and we therefore affirm the judgment.

## BACKGROUND

**Prosecution evidence**

On May 13, 2011, Falakika Moore (Moore) was working in her home office on the second floor of her house in Palmdale. She looked out of the window and observed approximately seven children, ranging in age from seven to fifteen, playing in the street in front of her home. Moore's 2006 Freestyle truck was parked nearby on the street. She saw minor wipe something off of the truck's windshield and then back up and strike the windshield with an object, possibly a rock. The object fell, and minor picked it up and hit the windshield again, making a "circular break" in the windshield. Minor had his hair cut in a Mohawk style and wore a red "cookie monster" character t-shirt. Moore recognized minor as a friend of her youngest son, Zezmond. Zezmond and minor played football together and minor had been to Moore's home at least a dozen times.

At the same time, Moore's husband, Craton Moore (Craton)[1] was sitting in an upstairs bedroom talking to his son, Zezmond. Craton looked outside from an open, sliding glass door and also saw minor break the windshield. As Moore called to him, Craton said, "someone's out there busting your window." Moore and Craton then dressed hurriedly and ran outside.

Once outside, Craton saw minor running away from the truck toward another boy on a bicycle. When minor reached the bicycle, he stood on its back pegs and the bicyclist pedaled away. Moore also saw minor ride away on the back of a dark blue or purple bicycle. Moore recognized the bicyclist as a boy named Darnell, who was a friend of her

---

[1] We refer to some of the witnesses by their first names in order to avoid confusing them with other witnesses or to avoid disclosing the surnames of certain minors. No disrespect is intended.

2

younger son. Both boys were wearing "cookie monster" character t-shirts. Darnell's was blue and minor's was red. Moore got in her car and attempted to follow the two boys as they fled, but she lost sight of them as they turned the corner.

A video camera in front of the Moore's house recorded the incident, but the footage was erased by a subsequent recording. Moore, Craton, and their children were the only people who viewed the video recording of the incident.

That same day, Moore went to Darnell's home and spoke with his mother. Darnell arrived before Moore left, wearing the same t-shirt Moore had seen him in earlier. The following day, Moore went to the park, where she knew she would find minor's father, and followed him home. When she confronted minor's father about the broken windshield, their discussion became contentious, and minor's mother intervened. Moore told minor's mother that minor had broken the windshield and that the incident had been recorded on videotape. Minor's mother told Moore that if minor was in the video, she would pay for the damage. Moore did not show the video to minor's mother.

**Defense evidence**

Minor's mother, Keisha D., testified that on the day of the incident, minor had spent the night at Darnell's house. Although minor owned a silver bicycle, he had not ridden the bicycle to Darnell's house but had walked there instead. Minor returned home the following day approximately five or ten minutes before Moore arrived. He was wearing the same clothes he had on the previous day -- grey skinny jeans and a plaid collared shirt.

Darnell's mother, Eboni M., testified that Moore spoke to her the day after the incident and accused her son of breaking a car windshield. Eboni replied that it could not have been her son because he had been home all day playing video games with minor. When Moore's mother said that the person who broke her windshield had a Mohawk hairstyle and was wearing a "cookie monster" t-shirt, Eboni replied that her son did not have a Mohawk but wore his hair in braids and did not wear clothing with cartoon characters on it. Eboni further stated that her son did not own a bicycle and there was no bicycle in their home. Moore said she had seen Darnell fleeing on a bicycle and had

3

video footage of him. Eboni asked to see the video, but Moore responded that she had left it at home.

**Adjudication**

At the close of evidence, the juvenile court sustained the petition and declared minor a ward of the court pursuant to Welfare and Institutions Code section 602. The court placed minor on informal probation for six months. This appeal followed.

**DISCUSSION**

## I. Standard of review

"'To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Bolden* (2002) 29 Cal.4th 515, 553, quoting *People v. Kipp* (2001) 26 Cal.4th 1100, 1128.) The same standard applies in reviewing a juvenile conviction. (*In re Miguel L.* (1982) 32 Cal.3d 100, 105.) Reversal is not warranted unless it appears that "'upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

## II. Sufficiency of evidence the minor committed vandalism

Any person who damages property other than his own is guilty of vandalism. (Pen. Code, § 594, subd. (a).) If the amount of damage is proven to be greater than $400, then the violation is a felony. (§ 594, subd. (b)(1).) Otherwise, the violation is a misdemeanor. (§ 594, subd. (b)(2)(A).) Minor argues there was insufficient evidence to prove he was the person who vandalized Moore's truck. He claims that discrepancies in the testimony regarding his hairstyle, the clothing he wore on the day of the incident, and the color of the bicycle on which he purportedly fled undermine the credibility of the witnesses who identified him as the perpetrator. Under the applicable standard of review, we cannot reweigh the evidence, nor can we substitute our own evaluation of the witnesses' credibility. (*In re George T.* (2004) 33 Cal.4th 620, 634.)

4

There is substantial evidence in the record to support the juvenile court's findings. Both Moore and her husband saw minor strike the windshield of Moore's truck three or four times, breaking the windshield with the final blow. Moore knew minor and recognized him because he played football with her son and had been to her home at least a dozen times. Moore recognized that the two boys who fled the scene had distinctive hairstyles -- "one had braids in his head, the other one had a Mohawk." She identified minor as the one with the Mohawk and the person who broke her windshield. Moore's husband was also able to identify minor because of his Mohawk hairstyle. Both Moore and her husband saw minor flee from the scene on a bicycle with another boy. Substantial evidence supports the vandalism adjudication.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.*
FERNS


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5